The opinion of the Court was afterwards delivered as drawn up by
Parker C. J.
We are of opinion that the record is not conclusive, because the verdict in the former case does not establish the right of the plaintiff as set up in this. The issue presented by the plea in the former action being found for the defendant, the present plaintiff, it is supposed that thereby an exclusive right to the fishery was established in him. But we do not consider the title set up in that plea to be that of a several or exclusive fishery. The extent of the claim in that plea is that of a free fishery, and the verdict may be considered as establishing the plea, although it falls short of it in terms.
It is true Sir William Blackstone, in his Commentaries, gives the quality of exclusiveness to a free fishery, making it differ *85 from a several fishery only in this, that in the latter the owner must have property in the soil under the water, whereas "n the former he may have title to the fishery without owning the land. This opinion seems to be founded on the case of Smith v. Kemp, 2 Salk, 637, in which two judges held that libera piscaría meant an exclusive right, and one, that it meant only common of piscary, according to Lord Colee, 1 Inst. 122. The doctrine of Coke seems to be fully recognised by counsel and the court in the case of Seymour v. Ld. Courtenay, 5 Burr. 2814. And Hargrave, in his comments on the several opinions on this disputed point, concludes in favor of Lord Cokers definition of a free fishery.
We adopt this opinion, thinking it the most reasonable, and certainly more conformable to the popular-sense of the term free fishery in this country, which probably has been derived from early legislation on this subject. Colony Laws, 1641, 1647. (Anc. Chart. 149.) [1]
It is plain therefore, under this construction of the term free fishery, that the record of the former action is not conclusive evidence, if evidence at all, of the right set up in this action, which is that of a several or exclusive fishery.[2]
We are of opinion however, that for the other cause stated, there must be a new trial. The action, though between the same parties and on the same general subject, is not the same action. The point in issue is not the same. There it was on a free or common fishery ; here, on a-several fishery. Testimony of what witnesses said under oath on another trial may be received, but under great restrictions, for it is very dangerous testimony. In England the witness is held to swear to the very words of the deceased witness, which in most cases is impossible ; and so the rule is nearly useless.[3] In the case before us the evidence received went to the testimony given on the stand four or five years before. Not only the very words cannot be remembered, but it may be expected that *86 even the tenor and effect will he mistaken. The evidence not coming within the rule technically, we think it ought to have been rejected.[4]

New ‘rial granted.

 See 3 Kent. (3d ed.) 410.

 See Standish v. Parker, 2 Pick. (2nded.) 22, 23, notes.

 See United States v. Wood, 3 Wash, C. C. R. 440; Wilbur v. Selden, 6 Cowen, 362; Ballenger v. Burnes, 3 Devereux, 460; Bowie v. O'Neal, 5 Har. & Johns. 266; Caton v. Lennox, 5 Randolph, 31; Cornell v. Green, 10 Serg Rawle, 14; Wolf v. Wyeth, 31 Serg. & Rawle, 149.

 Evidence before arbitrators is not admissible at a subsequent trial before a jury. Jessup v. Cook, 1 Halsted, 434. See Jackson v. Winchester, 4 Dallas, 206.